UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES ZEETEHKENZ,

                Plaintiff,

-against-

FRANK PICHL; STEVEN F. WOJTASZEK,

                Defendants.

18-CV-5342 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    By order dated October 1, 2018, the Court granted Plaintiff leave to amend his complaint to detail his claims under the Family Medical Leave Act (FMLA).

    On March 14, 2019, the Court received Plaintiff's amended complaint. Plaintiff no longer names the United States Post Office as a Defendant but attempts to reassert his claims against the individual Defendants named in his original complaint. Plaintiff's amended complaint provides more facts, but it remains unclear from Plaintiff's amended complaint that he states a claim for relief under the FMLA.

    In his amended complaint, Plaintiff alleges that on or about July 25, 2017, he got sick. He alleges further that "sometime around July or August [he] was accepted by the Post Office, and approve[d] for Family Sick leave for his condition." (Am. Compl. at 15.) Plaintiff then alleges, however, that "[w]hen [Defendants] found out [he] was boxing mail, because of his health condition, [they] put Plaintiff up for removal." *Id.* He asserts that "[o]n Sept 9, 2017, [he] was fired from the Post Office. After 23 years this all happen[ed] while [he] was on family sick leave. Plaintiff alleges that he returned to work on October 17, 2017, and that he received back pay.

    Plaintiff also alleges in his amended complaint that on June 10, 2017, he was involved in a motor vehicle accident while working and on July 13, 2017, Defendants "interrogate[d] him

about the accident." *Id.* at 7. He asserts that he walked out of the meeting but returned approximately five minutes later and approached Defendant Pichl to give him a doctor's note. Plaintiff alleges that in response, Defendant Pichl started screaming, said he felt threatened, and requested that the postal police be called. It is unclear how, if at all, this is related to the FMLA claim Plaintiff attempts to present to the Court.

Plaintiff ends his amended complaint with the following:

> Out of pure evilness the Defendants made [his] life hell. The Title of these story 2017 July 13[:] The family who went to hell, and back without dieing [sic] by [Plaintiff]. Sometimes I am at work, and I feel pain and I cry. However my track, and field brings me to another level. I made history at 60 age. I ran the 100m[,] 800m[,] 200m[,] 400m all in one day. Scores of a highschool kid.

*Id.* at 21.

Much like his original complaint, Plaintiff's amended complaint fails to set forth facts showing that he took FMLA leave, and that his employer "prevented or otherwise impeded [Plaintiff's] ability to exercise [his] rights under the FMLA." *Woods v. START Treatment & Recovery Centers, Inc.*, 864 F.3d 158, 166 (2d Cir. 2017). It remains unclear whether Plaintiff is referring to leave protected under the FMLA, or that he was fired, or suffered any other adverse employment action, as a result of his taking that leave. The Court therefore dismisses Plaintiff's complaint for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

2

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The claims raised in Plaintiff's amended complaint are dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 18, 2019
New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.